

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **LUCILLE LOVE** | **PLAINTIFF** |
| VS. | CAUSE NO. 3:22-CV-494-DPJ-FKB |
| **HINDS COUNTY, MISSISSIPPI** | **DEFENDANTS** |

### COMPLAINT
(Jury Trial Demanded)

**COMES NOW**, Plaintiff Lucille Love ("Love"), by and through undersigned counsel of record and respectfully files her Complaint against Hinds County, Mississippi and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et. seq., and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction over Love's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Venue is proper in this Court under 28 U.S.C. §1391. Love resides in the Southern District of Mississippi, Northern Division and a substantial part of the events or omissions giving rise to Love's claims occurred here.

3. Love is an adult resident citizen of Hinds County, Mississippi. She resides in the Southern District of Mississippi, Northern Division.

4. Hinds County, Mississippi is a political subdivision of the State of Mississippi. Hinds County, Mississippi may be served with process of this Court by serving a copy of the

Summons and Complaint upon Credell Calhoun, President of the Hinds County Board of Supervisors.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. All conditions precedent to jurisdiction pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with by the Plaintiff to wit: Appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and Notification of Right to Sue was received by the Plaintiff from the Equal Employment Opportunity Commission. (*See*, Exhibit 1).

6. Plaintiff filed a timely complaint based on the time limits contained in § 706 of Title VII of the Civil Rights Act of 1964, as amended.

## STATEMENT OF FACTS

7. On January 6, 2021, Hinds County, Mississippi terminated Lucille Love allegedly because a full business day passed without her notifying her director supervisor of the reason for her absence from work.

8. Lucille Love was present at work on January 6, 2021, the date that Hinds County, Mississippi alleges that she was absent. On January 4, 2021, Lucille Love obtained permission from her direct supervisor to be absent from work on January 5, 2021, due to the stress surrounding her demotion from Director of Environmental Services to Environmental Service Technician at Henley Young Detention Center.

9. Hinds County, Mississippi selected a male to fulfill Lucille Love's duties and responsibilities as the Director of Environmental Services and paid that male employee approximately $30,000.00 more than Lucille Love was paid when she served as the Director of Environmental Services.

10. Hinds County, Mississippi did not terminate similarly situated males who failed to notify their supervisors within 24 hours of failing to show up for work.

11. Similarly situated males who abandoned their jobs have been rehired by Hinds County, Mississippi in violation of Hinds County, Mississippi policy which prohibits the hiring of individuals who abandon their jobs. Although Lucille Love never abandoned her job, she was placed on the Hinds County, Mississippi's no hire list and have not been returned to work like male employees who abandoned their jobs.

## CAUSE OF ACTION

### COUNT 1
### SEX DISCRIMINATION
### TITLE VII

12. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

13. Plaintiff contends Hinds County, Mississippi discriminated against her on the basis of her sex when they demoted her, subsequently terminated her and placed her on the do not hire list.

14. Hinds County, Mississippi policy also offered males opportunities to maintain their employment with the county after they abandoned their jobs with the county.

15. As a proximate consequence of the actions of Defendant Hinds County, Mississippi suffered economic damages and emotional harm.

## DAMAGES

16. As a consequence of the foregoing misconduct of the Defendant, Love sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation.

17. As a consequence of the foregoing misconduct of the Defendant, Love has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

18. Plaintiff requests that the Court issue the following relief:

a. Enter declaratory relief that Defendants have engaged in unlawful sex discrimination and enjoin Defendants from in the future engaging in such discriminatory practices;

b. Award Smith equitable front pay, back pay, economic damages for her lost pay, fringe benefits and promotional opportunities, together with compensatory and liquidated damages against Hinds County, Mississippi for intentional sex discrimination against Love in an amount to be determined by a jury of their peers;

c. Award Plaintiff's attorney fees, costs and expenses of litigation, and,

d. Award such other relief to which Plaintiff may be entitled under law.

**WHEREFORE PREMISES CONSIDERED,** Love demands judgment against Hinds County, Mississippi in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 24th day of August 2022.

**LUCILLE LOVE**

By: /s/ Lisa M. Ross
Lisa M. Ross (MSB # 9755)
Post Office Box 11264
Jackson, Ms. 39283-1264
601-981-7900 (telephone)
601-981-7917 (facsimile)
lross@lmrossatlaw.com
Attorney for Plaintiff